IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH E. ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 08-0231-CG-M |
| | ) |
| PAUL B. DAVID, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on pro se plaintiff's motion for default judgment (Doc. 9) and defendant's motion to dismiss (Doc. 11). The records in this case show that plaintiff filed his amended complaint on August 26, 2008. The return on service shows that the defendants, or at least one of them, was served on August 27, 2008[1]. On October 07, 2008, plaintiff filed a motion for default judgment, asking the court to order reinstatement, back pay and other relief. (Doc. 9). The motion was not accompanied by any affidavit. On October 15, 2008, the defendants appeared through counsel and filed a motion to dismiss the complaint. (Docs. 9, 11).

Before a court can grant a motion for default judgment, a plaintiff must comply with the two-step process provided in Federal Rule of Civil Procedure 55 whereby a plaintiff first seeks an entry of default from the Clerk of the Court, then a default judgment from the court itself. Fed.R.Civ.P. 55; see Carvajal v. Drug Enforcement Agency, 246 F.R.D. 374, 376 n. 2

---

[1] The returns of service on the summonses, which were issued to plaintiff by the court some two weeks before the amended complaint was filed, do not show whether the document served was the original complaint or the amended complaint. And both certified mail receipts show that both summons were addressed to "Prichard Water", with no mention of defendant Davis. (See Docs. 6 & 8).

(D.D.C.2007) (citing Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986)). "By ignoring this path, the plaintiff recklessly shortcut the defendant's procedural protections." Carvajal, 246 F.R.D. at 376 n. 2. Because the plaintiff did not seek an entry of default from the Clerk of the Court before filing his motion for default judgment, and because the defendant has now appeared and "otherwise defend[ed]" by filing a motion to dismiss, the court **DENIES** the plaintiff"'s motion for default judgment.  See Antoine v. U.S. Bank Nat. Ass'n, 547 F.Supp.2d 30 (D.D.C. 2008).

Turning to the motion to dismiss, plaintiff  was afforded an opportunity to file an opposition to the motion and failed to do so.  Ordinarily, such failure would be grounds for dismissal of the lawsuit, as it would signify the plaintiff has no "defense" to the allegations in the motion to dismiss.  However, in this case, the motion to dismiss itself is deficient in that it asks the court to dismiss based on facts which the defendants claim to be true, but which are contrary to what is alleged in the complaint.

Rule 12(b)(6) of the Federal Rules of Civil Procedure is a means of asserting the defense of "failure to state a claim upon which relief can be granted[.]"  FED. R. CIV. P. 12(b)(6).  A motion under this rule tests the legal sufficiency of the complaint.

At the outset, a complaint must comply with Rule 8(a)(2) in order to survive a Rule 12(b)(6) motion to dismiss.  In order for a complaint to state a claim for relief under Rule 8(a)(2), it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a)(2).  "[T]he 'short and plain statement' must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quotations and citation omitted).  See

also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement [in Rule 8(a)(2)] of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.")

The complaint "does not need detailed factual allegations," but the rules call on the plaintiff to set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 1964-65. The "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965. See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (2008) (same).

The court may grant the motion only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations, see Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004), meaning that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.

The court should accept all of the facts set forth in the complaint as true and view them in the light most favorable to the non-moving party. Chepstow, 381 F.3d at 1080. Still, "[p]leadings must be something more than an ingenious academic exercise in the conceivable" and "unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)." Jackson v. Bellsouth Telecom., 372 F.3d 1250, 1271 (11th Cir. 2004) (internal quotations and citations omitted). See also South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss).

also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement [in Rule 8(a)(2)] of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.")

The complaint "does not need detailed factual allegations," but the rules call on the plaintiff to set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 1964-65. The "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965. See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (2008) (same).

The court may grant the motion only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations, see Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004), meaning that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969.

The court should accept all of the facts set forth in the complaint as true and view them in the light most favorable to the non-moving party. Chepstow, 381 F.3d at 1080. Still, "[p]leadings must be something more than an ingenious academic exercise in the conceivable" and "unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)." Jackson v. Bellsouth Telecom., 372 F.3d 1250, 1271 (11th Cir. 2004) (internal quotations and citations omitted). See also South Florida Water Management Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (conclusory allegations and unwarranted deductions of fact are not deemed true on a motion to dismiss).

The plaintiff in this case is representing himself. As such, the "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citations omitted); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, a pro se plaintiff must follow procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Although the complaint in this case and its amendment are very inartfully drawn, it is clear that they allege claims of illegal discrimination and retaliation, and contain enough factual allegations for the Defendants to know what acts the plaintiff claims constitute the violations. Defendants' side of the story, presented in their motion to dismiss, may well prove to be true, but at this stage of the case, the court must accept the plaintiff's allegations as true. Accordingly, the defendants' motion to dismiss is **DENIED**.

**DONE AND ORDERED** this 6th day of November, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE