IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH E. ISAAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 08-0231-CG-M |
| ) | |
| PAUL B. DAVID, and THE PRICHARD ) | |
| WATER WORKS AND SEWER BOARD, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the court on the defendants' motion for summary judgment, the plaintiff's motion for trial by jury, and the defendants' two motions to strike. (Docs. 24, 26, 37, 39). For the reasons set forth below, the motion for summary judgment is **GRANTED**, two motions to strike are **MOOT**, and the motion for trial by jury is **DENIED**.

The plaintiff filed a complaint and then an amended complaint, alleging that the defendants, the Prichard Water Works and Sewer Board and a superintended named Paul David, discriminated against him at work. (Docs. 1 and 7). The initial complaint alleges that the plaintiff was fired because of his race, color, and age. (Doc. 1, pp. 1-2). The amended complaint alleges that plaintiff is claiming disparate treatment, harassment, and retaliation under Title VII of the Civil Rights Act. (Doc. 7, p. 2). The harassment claim, however, indicates that it is based on alleged retaliation. (Doc. 7, p. 2). The court considers this claim to be one for retaliation, not for workplace harassment.

The defendants moved for summary judgment. Their brief identifies claims by the

plaintiff for disability, age, and racial discrimination. Among other arguments, the defendants argue that the plaintiff's disability claim fails because the plaintiff has not shown that he is disabled and that the plaintiff's disparate treatment and retaliation claims fail because the defendants acted pursuant to an unrebutted, nondiscriminatory reason. (Doc. 24-29). The plaintiff filed a collection of documents in response. (Doc. 33). He did not include a brief. The defendants replied and, the next day, the court ordered the plaintiff to comply with Local Rule 7.2(b). (Docs. 34 and 35). The court's order made it clear that, if the plaintiff did not file a brief by June 11, 2009, his failure to do so would "be regarded as the plaintiff's concession that a question of material fact does not exist." (Doc. 35).

The plaintiff responded to the court's order by filing another collection of documents that also lacked a brief. (Doc. 36). Next, he filed an unsworn statement from a person named Charles Slater, which was likewise unaccompanied by a brief. (Doc. 38). The defendants moved to strike both of these filings. (Docs. 37 and 39).

## I.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). As the Eleventh Circuit succinctly stated:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (citation omitted). The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the district court must view all evidence in the light most

> favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Info. Sys. and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002).

The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Engrs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986). There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599. The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 323. The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. Id.

In addition, Local Rule 7.2(b) calls on a plaintiff who is resisting a motion for summary judgment to "file a brief in opposition" to the motion "and, if it is contended that there are material factual disputes," to "point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an

admission that no material factual dispute exists[.]" SD ALA LR 7.2(b). The court specifically drew the plaintiff's attention to this rule on May 27, 2009, when it ordered the plaintiff to file a brief, as opposed to simply a collection of exhibits, in opposition to the motion for summary judgment by June 11, 2009. (Doc. 35, p. 1). The court warned that "[p]laintiff's failure to file a brief will be regarded as the plaintiff's concession that a question of material fact does not exist." (Doc. 35, p. 2).

## II.     RACIAL DISCRIMINATION, AGE DISCRIMINATION, AND RETALIATION

The plaintiff's racial discrimination claim is premised on Title VII of the Civil Rights Act, which provides in part that "it shall be unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Because the record does not show any direct evidence of discrimination,[1] the plaintiff may utilize the burden shifting procedure that the Supreme Court articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). As explained in E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265 (11th Cir. 2002):

> Under this framework, the plaintiff initially must establish a prima facie case of

---

[1] See Perryman v. Johnson Products Co., Inc., 698 F.2d 1138, 1143 (11th Cir. 1983) ("[S]ome plaintiffs are able to prove the existence of discriminatory intent by direct evidence; in these rare cases, the plaintiff is not required to rely on the inference of discrimination created by the prima facie case of McDonnell Douglas."); EEOC v. Reichhold Chemicals, Inc., 988 F.2d 1564, 1570 (11th Cir. 1993) ("This circuit has clarified . . . that a Title VII plaintiff need not submit direct proof of intent to discriminate, but can rely on circumstantial evidence. Requiring direct evidence would eviscerate Title VII's effectiveness because direct evidence rarely exists in disparate treatment cases.") (citations omitted).

>discrimination. By establishing a prima facie case, the plaintiff creates a
>rebuttable presumption that the employer unlawfully discriminated against her.
>The burden then shifts to the employer to rebut this presumption by producing
>evidence that its action was taken for some legitimate, non-discriminatory reason.
>Should the employer meet its burden of production, the presumption of
>discrimination is rebutted, and the inquiry "proceeds to a new level of
>specificity," in which the plaintiff must show that the proffered reason really is a
>pretext for unlawful discrimination. Although the intermediate burdens of
>production shift back and forth, the ultimate burden of persuading the trier of fact
>that the employer intentionally discriminated against the employee remains at all
>times with the plaintiff.

Id. at 1272-73 (citations omitted).

If the plaintiff sets up a prima facie case, the burden shifts to the defendants to articulate legitimate, nondiscriminatory reasons for its actions. As explained in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981),

>The burden that shifts to the defendant, therefore, is to rebut the presumption of
>discrimination by producing evidence that the plaintiff [suffered an adverse
>employment action] for a legitimate, nondiscriminatory reason. The defendant
>need not persuade the court that it was actually motivated by the proffered
>reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact
>as to whether it discriminated against the plaintiff. To accomplish this, the
>defendant must clearly set forth, through the introduction of admissible evidence,
>the reasons [why plaintiff suffered an adverse employment action]. . . . Placing
>this burden of production on the defendant thus serves simultaneously to meet the
>plaintiff's prima facie case by presenting a legitimate reason for the action and to
>frame the factual issue with sufficient clarity so that the plaintiff will have a full
>and fair opportunity to demonstrate pretext. The sufficiency of the defendant's
>evidence should be evaluated by the extent to which it fulfills these functions.

Id. at 254-56 (internal citation omitted). See also, Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997) (same).

To emphasize, "[t]his burden is one of production, not persuasion; it 'can involve no credibility assessment.'" Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000) (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993)).

If the defendants meet their burden of production, the plaintiff will have to establish pretext. The plaintiff can show pretext in several ways, including showing that the defendant's proffered explanation is false, <u>Reeves</u>, 530 U.S. at 144, or insincere, <u>Vessels v. Atlanta Indep. Sch. Sys.</u>, 408 F.3d 763, 771 (11th Cir. 2005). Although "[t]he employer may fire [or take other action concerning] an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason," <u>Nix v. WLCY Radio/Rahall Communications</u>, 738 F.2d 1181, 1187 (11th Cir. 1984), a plaintiff may show pretext by calling into question the facts on which the employer says it relied to make its decision, as long as the plaintiff also shows that the employer knew the facts on which it says it relied were false when it made its employment decision, <u>Vessels</u>, 408 F.3d at 771. <u>Combs</u> described the heart of the inquiry as:

> a highly focused one. The district court must, in view of all the evidence, determine whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered "legitimate reasons were not what actually motivated its conduct[.]"[] The district court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."

<u>Combs</u>, 106 F.3d at 1538 (citations omitted).

The plaintiff's retaliation claim is also grounded in Title VII, which makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a). The mechanism for proving retaliation is similar to the mechanism for proving other discrimination under Title VII. As set forth in <u>Sullivan v.</u>

AMTRAK, 170 F.3d 1056 (11th Cir. 1999),

> To make a prima facie case for retaliation, the plaintiff must show: 1) a statutorily protected expression; 2) an adverse employment action; 3) a causal link between the protected expression and the adverse action. Once the plaintiff makes out a prima facie case, "the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action." If the defendant offers legitimate reasons, the presumption of retaliation disappears. The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct.

Id. at 1059 (internal citations and footnote omitted). With respect to the retaliation claim, the defendants can meet their burden of production by showing that, even, assuming the challenged action was motivated in part by retaliation, the challenged action would have occurred without the retaliatory motive. Pennington v. City of Huntsville, 261 F.3d 1262, 1268-69 (11th Cir. 2001) ("the mixed-motive defense remains good law . . . with respect to [a] Title VII retaliation claim."). See also Tucker v. Hous. Auth., 229 Fed. Appx. 820, 825 (11th Cir. 2007) ("In retaliation cases, 'an employer can avoid liability if it can prove that it would have made the same disputed employment decision in the absence of the alleged bias.'") (quoting Pennington, 261 F.3d at 1269).

The plaintiff's age discrimination claim arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Under the ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). An ADEA case can be set up under the same burden shifting framework as a Title VII case. See Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 n.6 (11th Cir. 2001) ("Although the McDonnell Douglas framework originally

applied to Title VII cases, it is now widely accepted that the framework applies to claims of discrimination under the ADEA as well.") (citations omitted), and Turley v. SCI of Ala., 190 Fed. Appx. 844, 847 (11th Cir. 2006) ("to succeed on a discrimination claim, a plaintiff must offer . . . circumstantial evidence that satisfies a four-part requirement for both sex and age discrimination: (1) that she was a member of a protected class; (2) that she was subject to an adverse employment action; (3) that the position she sought or was discharged from was filled by someone outside of her protected class; and (4) that she was qualified to perform the job for which she was rejected.  See Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827-28 (11th Cir. 2000) (Title VII); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358-59 (11th Cir. 1999) (ADEA).") (emphases omitted).

Among the arguments that the defendants advance in their motion for summary judgment is the argument that any adverse employment actions to which the plaintiff ascribes a discriminatory motive were taken for unrebutted, legitimate, nondiscriminatory reasons.  By his failure to file a brief in opposition to the motion, the plaintiff conceded that there are no genuine issues of material fact on this point.  (Doc. 35).  The motion is therefore **GRANTED** as to the racial discrimination claim, the age discrimination claim, and the retaliation claim.

### III.   THE DISABILITY CLAIM

The Americans with Disability Act ("ADA") makes it illegal for an employer to "discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment."  42 U.S.C. 12112(a).  The same burden-shifting analysis that the court applied to the plaintiff's Title VII claim applies to his claim of disability discrimination.  See Holly v.

Clairson Industries, L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). In order to set forth a prima facie case on this claim, the plaintiff

> must show that: (1) he is disabled; (2) he was a "qualified individual" at the relevant time, meaning he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against because of his disability.

Lucas v. W. W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001) (case citation omitted).

The ADA defines "disability," in part, as "a physical or mental impairment that substantially limits one or more . . . major life activities." 42 U.S.C. § 12102(2)(A). "[T]o qualify as disabled, plaintiff must show (1) he suffers from a physical or mental impairment (2) which affects a 'major life activity,' (3) to a 'substantial' degree." Bonner v. Home Depot, 323 F. Supp. 2d 1250, 1259 (S.D. Ala. 2004).

In this case, not only did the plaintiff fail to rebut the legitimate, nondiscriminatory reasons for any adverse employment actions that were taken against him, but he also has not shown, or even alleged, that he is disabled, that he has "a physical or mental impairment that substantially limits one or more . . . major life activities." As such, the motion for summary judgment is **GRANTED** on the disability claim.

## IV. CONCLUSION

The motion for summary judgment is **GRANTED** in its entirety. The motions to strike are therefore **MOOT**. Because summary judgment is **GRANTED**, a jury trial is inappropriate, so the motion for a jury trial is **DENIED**.

**DONE and ORDERED** this 2nd day of July, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE